McGREGOR W. SCOTT
United States Attorney

PAUL S. HAM
Trial Attorney, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC  20044-0683
Telephone: (202) 307-6421
Facsimile: (202) 307-0054

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>MARGARET REMEDIOS; ROBERT HOGUE (or his successor trustee), as trustee of the Sicnarf Trust; STATE OF CALIFORNIA FRANCHISE TAX BOARD; and BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,<br><br>Defendants. | Civil No. 2:07-cv-00466-GEB-DAD<br><br>**UNITED STATES' EX-PARTE APPLICATION TO SERVE THE TRUSTEE OF THE SICNARF TRUST BY PUBLICATION, and [Proposed] ORDER** |

Plaintiff United States hereby moves this Court for an order permitting the United States to serve the Trustee of the Sicnarf Trust by publication under applicable law. In support thereof, the United States states as follows:

1. On March 9, 2007, the United States filed this action seeking to reduce certain federal tax assessments made against defendant Margaret Remedios to judgment. See Docket, No. 1. Simultaneous with this Application, the United States is also filing its First Amended Complaint. Robert Hogue was named as a defendant because he was the alleged trustee of the Sicnarf Trust, en entity which purports to hold title to certain real property located in Redding, California ("subject property"). See generally, United States' First Amended Complaint. The United States asserts that Margaret and Francis (whose name, coincidently, is the name of the trust, "Sicnarf," when spelled backwards) Remedios are the true

1 and beneficial owners of the subject property despite any purported interest held by the Sicnarf Trust.
2 By operation of law, Margaret Remedios became the sole beneficial owner of the subject property when
3 Francis Remedios died. See Amended Complaint, ¶ 5. Therefore, the United States asserts that its
4 federal tax liens against Margaret Remedios encumber the subject property and that it should be allowed
5 to foreclose its tax liens to satisfy the her outstanding federal tax liabilities, plus penalties and interest.
6 See generally, Amended Complaint.

7     2. The United States attempted personal service of the Complaint upon Robert Hogue at his
8 last known address through a private process server. See Ham Decl., ¶ 3. The private process server was
9 notified by Mrs. Hogue that her husband, Robert Hogue, has recently passed away. Id. The United
10 States in its Complaint and First Amended Complaint named Robert Hogue (or his successor trustee), as
11 trustee of the Sicnarf Trust. The United States does not know the identity of Robert Hogue's successor,
12 if any, to the Sicnarf Trust. See Ham Decl., ¶ 4. In fact, the United States alleges that the Sicnarf Trust
13 is entirely a sham, utilized for the sole purpose of hiding and protecting Margaret Remedios' assets from
14 the reach of her creditors including the United States. Consequently, the United States submits that the
15 only practical means of serving Robert Hogue's successor trustee, if any, is to serve the "Trustee" of the
16 Sicnarf Trust by publication under applicable law.

17     3. Rule 4(e)(1) of the Federal Rules of Civil Procedure permits service of process to be made
18 "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. Rule 4(e)(1).
19 California law permits that a "summons may be served by publication if upon affidavit it appears to the
20 satisfaction of the court in which the action is pending that the party to be served cannot with reasonable
21 diligence be served in another manner." See Ca. Civ. Proc. § 415.50.[1] Further, given good cause, Rule
22 4(m) of the Federal Rules of Civil Procedure permits the court to extend the time for service for an
23 appropriate period.

24     4. Under Section 6064 of the California Government Code, the notice must be published
25 once a week for four successive weeks. Rule 4(m) of the Federal Rules of Civil Procedure ordinarily

---

[1] Under Ca. Civ. Proc. § 415.50, service of a summons by publication is deemed complete as provided in Section 6064 of the California Government Code.

EX-PARTE APPLICATION     - 2 -

gives plaintiffs 120 days after the filing of a complaint to serve the named defendants.  Therefore, the United States requests an reasonable extension, until August 31, 2007, in which to complete service by publication upon the Trustee of the Sicnarf Trust.

5. A proposed Order is submitted herewith.

Dated this 24th day of May, 2007.

                                      MCGREGOR W. SCOTT  
                                      United States Attorney

                                       /s/ - Paul Ham  
                                      PAUL S. HAM  
                                      Trial Attorney, Tax Division  
                                      United States Department of Justice  
                                      P.O. Box 683, Ben Franklin Station  
                                      Washington, DC  20044-0683  
                                      Telephone: (202) 307-6421  
                                      Facsimile:  (202) 307-0054

                                      Attorneys for the United States

**[Proposed]**

**ORDER**

Having considered the United States' Ex-Parte Application to serve the Trustee of the Sicnarf Trust, and good cause being shown, it is ORDERED that:

1. the United States has until August 31, 2007 to serve the Trustee of the Sicnarf Trust by publication as provided under California law; and

2. that a copy of the Summons, Amended Complaint and this Order will be mailed to Trustee of the Sicnarf Trust in the event his identity and address are ascertained before the expiration of the time prescribed herein for publication.

Dated: May 24, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28